# EXHIBIT A

**General Civil and Domestic Relations Case Filing Information Form**

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

☐ Superior or ☑ State Court of ___Cobb___ County

**21-A-201**

JAN 21, 2021 10:25 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| For Clerk Use Only | |
|---|---|
| **Date Filed** 01-21-2021 | **Case Number** 21-A-201 |
| MM-DD-YYYY | |

## Plaintiff(s)

Drane, Micheal

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

## Defendant(s)

Transam Trucking, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

RLI Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Privette, Raquan

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Pendergrass, Mr. Philip A. Jr    **Bar Number** 529699    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**        **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

21-A-201

JAN 21, 2021 10:25 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

MICHAEL DRANE,

                Plaintiff,

v.

TRANSAM TRUCKIN, INC., RLI
INSURANCE COMPANY, and RAQUAN
PRIVETTE,

                Defendants.

CIVIL ACTION
FILE NO. _____


**JURY TRIAL DEMANDED**

## COMPLAINT

COME NOW Michael Drane, Plaintiff in the above-styled action, and make and file this

Complaint against Defendants Transam Trucking, Inc. RLI Insurance Company, and Raquan

Privetteas follows:

## PARTIES AND JURISDICTION

### 1.

Plaintiff is a citizen of the State of Georgia, resides in this state and is subject to the

jurisdiction of this court.

### 2.

Defendant Transam Trucking, Inc. ("Transam") is a foreign corporation and may be

served by delivering a copy of the summons and complaint on its registered agent for service,

SBLSG Registered Agent, LLC, at 9001 West 110th Street, Suite 230, Overland Park, Kansas

66062.

3.

Defendant RLI Insurance Company ("RLI") is foreign corporation authorized to conduct business within this state, is subject to the jurisdiction of this Court, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Corporation Service Company, at 40 Technology Parkway S, Suite 300, Gwinnett County, Norcross, Georgia 30092.

4.

Defendant Raquan Privette ("Privette") is a citizen of North Carolina and is subject to the jurisdiction of this Court.

5.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

6.

On the evening of April 19, 2019, Plaintiff was driving his vehicle southbound on Interstate 285 approaching its intersection with Cobb Parkway when a tractor-trailer driven by Defendant Privette came into Plaintiff's lane and collided with Plaintiff's vehicle.

7.

As a result of the subject collision, Plaintiff suffered severe and permanent injuries.

## COUNT I – NEGLIGENCE

8.

Plaintiff realleges and incorporate herein the allegations contained in paragraphs 1 through 7 above as if fully restated.

9.

Defendant Privette's acts of negligence included, improper lane change, failure to signal lane change, failure to operate his vehicle in a safe and lawful manner, failure to keep a proper lookout for other vehicles and such other and further acts of negligence as may be shown at trial.

10.

Defendant Privette's negligence solely and proximately caused the collision and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

11.

Plaintiff realleges and incorporate herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

At the time of the subject collision, Defendant Privette was under dispatch for Defendant Transam.

13.

At the time of the subject collision, Defendant Privette was operating his vehicle on behalf of Defendant Transam.

14.

Defendant Transam is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Privette in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

15.

Plaintiff realleges and incorporate herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

Defendant Transam was negligent in hiring Defendant Privette and entrusting him to drive a tractor-trailer.

17.

Defendant Transam was negligent in failing to properly train Defendant Privette.

18.

Defendant Transam was negligent in failing to properly supervise Defendant Privette.

19.

Defendant Transam's negligence in hiring Defendant Privette and entrusting him with driving a commercial vehicle and failing to train and supervise him properly proximately caused the collision and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant RLI is subject to a direct action as the insurer for Defendant Transam pursuant to O.C.G.A. § 40-2-140.

22.

Defendant RLI was the insurer of Defendant Transam at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law.

23.

Defendant Transam is subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

24.

Defendant RLI is subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

25.

Defendant RLI is responsible for any judgment rendered against Defendant Transam and Defendant Privette.

## COUNT V- DAMAGES

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

As a direct and proximate result of Defendants' negligence, Plaintiff received personal injuries and required medical treatment. Because of these injuries, Plaintiff has incurred medical expenses in excess of $150,000.00 to date, and other expenses to be proven at trial.

28.

As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained physical pain and suffering as well as emotional distress, and Plaintiff will continue to suffer in the future.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

(a)     That service of process issue upon the Defendant as provided by law;

(b)     That Plaintiff be awarded compensatory damages for medical and other expenses and general damages for pain and suffering, past, present and future in a sum and amount to be shown at trial in accordance with the enlightened conscience of an impartial jury;

(c)     That Plaintiff have a trial by jury on all issues;

(d)     That Plaintiff have such other and further relief as this Honorable Court deems just and proper under the circumstances.

This 21st day of January, 2021.

Respectfully submitted,

*/s/ Philip A. Pendergrass, Jr.*
PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
Attorney for Plaintiff

**THE PENDERGRASS LAW FIRM, PC**
45 Technology Pkwy S, Suite 230
Peachtree Corners, Georgia 30092
(404) 348-4511

*/s/ Michael M. Day*
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648
Attorney for Plaintiff

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

- 6 -

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-201</u>

$198.00 COST PAID

Drane, Micheal

_____

**PLAINTIFF**

**VS.**

Transam Trucking, Inc.
RLI Insurance Company
Privette, Raquan

_____

**DEFENDANTS**

**SUMMONS**

TO: PRIVETTE, RAQUAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Philip A. Pendergrass, Jr.**
> **The Pendergrass Law Firm PC**
> **45 Technology Parkway S**
> **Suite 230**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 21st day of January, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-A-201</u>

$198.00 COST PAID

Drane, Micheal
_____

**PLAINTIFF**

**VS.**

Transam Trucking, Inc.
RLI Insurance Company
Privette, Raquan
_____

**DEFENDANTS**

**SUMMONS**

TO: RLI INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Philip A. Pendergrass, Jr.**
> **The Pendergrass Law Firm PC**
> **45 Technology Parkway S**
> **Suite 230**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 21st day of January, 2021.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630                Page 1 of 1
(770) 528-1220 Building B, First Floor-Civil Division

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  21-A-201

$198.00 COST PAID

Drane, Micheal

_____

**PLAINTIFF**

**VS.**

Transam Trucking, Inc.
RLI Insurance Company
Privette, Raquan

_____

**DEFENDANTS**

**SUMMONS**

TO: TRANSAM TRUCKING, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Philip A. Pendergrass, Jr.**
> **The Pendergrass Law Firm PC**
> **45 Technology Parkway S**
> **Suite 230**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 21st day of January, 2021.**

Clerk of State Court



_____
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

21-A-201

JAN 21, 2021 10:25 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

MICHAEL DRANE,

               Plaintiff,

v.

TRANSAM TRUCKIN, INC., RLI
INSURANCE COMPANY, and RAQUAN
PRIVETTE,

               Defendants.

CIVIL ACTION
FILE NO. _____

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANT PRIVETTE

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, submit herewith to the Defendant Raquan Privette hereinafter "Defendant", for response within thirty (30) days after service hereof (45 days if filed with the Complaint), in the form provided by law, the following interrogatories, request for production of documents, and requests for admission.

The within interrogatories, request for production of documents, and requests for admission are continuing and require supplemental response upon the discovery of other or further information or documents pertinent thereto.

Thirty (30) days after service hereof (45 days if filed with the Complaint), you are requested to produce for inspection and copying by the Plaintiff at The Pendergrass Law Firm, P.C. 45 Technology Parkway S, Suite 230, Peachtree Corners, GA 30092  the foregoing documents.

These Interrogatories and Requests shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial. Any such supplemental answers are to be seasonally served upon Plaintiff's  counsel as provided by O.C.G.A. § 9-11-26(e).

In answering the following discovery requests, Defendant is required to give full and complete information based upon the knowledge, information and belief of all agents, employees, investigators, adjusters, attorneys and insurers of said Defendant. An agency relationship clearly exists between Defendant and his attorneys and insurers. See Brumbelow v. Northern Propane Gas Co., 251 Ga. 674 (1983). "The law imputes to the principal, and charges him with, all notice or knowledge relating to the subject–matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it…" Bean v. Baron, 176 Ga. 285 (1933). "This rule is applicable to the relation of attorney and client." Id. (citing Faircloth v. Taylor, 147 Ga. 787 (1918)). "It is well settled that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client, when such notice and knowledge come to the attorney in and about the subject matter of his employment." Mathis v. Blanks, 212 Ga. 226 (1956). See also Royalston v. Bank of America, N.A., 290 Ga. App. 556, 560 (2008); Durden v. Hilton Head Bank & Trust Co., 198 Ga. App. 232, 233 (1990); Fowler v. Latham, 201 Ga. 68, 74 (1946); and Southern Development Co. v. Shepco Paving, Inc., 206 Ga. App. 535, 536 (1992). **Accordingly, if Defendant's attorneys or insurers are aware of knowledge or information sought by the below discovery requests, that knowledge and information is imputed to Defendant and must be disclosed.** Defendant may not claim ignorance regarding facts, law, terminology, information or anything else that is held by or known by Defendant's agents.

In answering the following discovery requests, we respectfully request that you comply with the following:

1) **Should you claim attorney-client privilege (or any other privilege) to any of the**

**following Interrogatories or Requests, please provide a privilege log so that the**

**Court may make a later determination as to the subject item's discoverability.**

U.S.C.R. 5.5 and <u>General Motors v Conkle</u>, 226 Ga. App. 34, 47 (1997) both establish

that an unsupported claim of privilege does not meet the claimant's burden of showing

that the privilege applies.

2) **We respectfully request that you refrain from asserting any "General**

**Objections."** Such objections are disfavored and neither the Court nor Plaintiff can tell

what, if anything, Defendant is withholding pursuant to them or why they are there. All

objections should be specifically stated. Plaintiff shall treat all "General Objections" as

impermissibly vague and inapplicable.

3) **If you object to a request but then respond to the request, state whether your**

**response is complete.** If you are withholding information and/or documents based on

an objection(s), please state as such, so Plaintiff will know if additional information

and/or documents would have been included in your response but for the objection(s).

4) **Search your electronically stored data for responsive information.** Under the CPA,

Defendant is required to produce all non-privileged responsive information in its

possession, custody, and control. Plaintiff specifically requests that Defendant search

its electronically stored information for responsive information.

**Definitions for terms in the following discovery requests include the following:**

The terms "subject incident" or "subject collision" shall refer to the auto accident that is the

subject of this litigation.

The term "identify" as herein used, means that you should provide the name, address,

telephone number, occupation, and employer name of the individual so identified.

The terms "you" or "your" shall refer to above referenced Defendant.

The term "expert" shall refer to an expert witness as contemplated by O.C.G.A. § 9-11-26(b)(4)(A)(i). See also Stewart v. Odunkwe, 273 Ga. App. 380 (2005); Yang v. Smith, 316 Ga. App. 458 (2012).

## A. INTERROGATORIES

1.

Has any entity issued a policy of liability insurance to you?  If so, state the names of **all** insurers providing liability insurance and give the limits of coverage of each such policy.

2.

Please state your current address and every address that you have resided at over the past five (5) years.

3.

Please state the name, address and telephone number of any passenger(s) in your vehicle on the date of the subject collision or **any individuals that you were travelling with (even if they were in another vehicle)**, at the time of the incident that is the subject of the underlying lawsuit.

4.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)  Was an eyewitness to the incident complained of in this action;

(b)  Has some knowledge of any fact or circumstance upon which your defense is based;

(c)  Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiffs.

5.

Do you contend that any Plaintiff or non-party caused or contributed to the subject incident? If so, state with particularity each and every contention made in this regard.

6.

Identify each person you expect to call as an expert witness at the trial of this case. As to each describe his/her qualifications as an expert; state the subject matter upon which he/she is expected to testify; state his/her opinions (include a summary of the grounds for each opinion); identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all previous actions in which the expert has provided expert testimony at trial or deposition; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit. (If you have not yet identified an expert to become involved in this litigation, please supplement this response if and when you do.)

7.

As for each cell phone you owned or were authorized to use on the day of the subject incident, please state each phone number, along with the name, address, and telephone number of each such service provider, the corresponding account number for each phone, and the current location/whereabouts of the phone.

8.

Please state whether you had any of the following applications downloaded on your phone on the day of the subject collision:  Facebook, Facebook Messenger, Instagram, Snapchat, WhatsApp, Tinder, Hinge, Bumble, GroupMe, and Twitter. If the answer to any of the above is yes, please provide the following information:

a) Your username for any of the above answered in the affirmative;

b) Whether any of the above applications were open or being used on your phone at any time on the day of the subject incident;

c) Whether any of the above applications have been deleted since the day of the subject incident; and

d) Whether any content, messages, or data have been deleted from any of the above applications since the day of the subject incident.

9.

If you have ever been convicted of, pled guilty to, or pled nolo contendere to any crime please state when, where, the case or indictment number, and the nature of the crime and outcome of the case, including the city, county, and state in which you were tried and/or entered a plea.

10.

Have you ever been a party in a lawsuit? If so, please list the civil action file number, style of the case, and jurisdiction in which the matter was filed, along with the outcome of each such civil action.

11.

Did you sustain any injuries in the wreck, pursue any worker's compensation benefits, or have any time off following the wreck?

12.

Identify each person or entity who investigated the wreck and the scope of each such investigation.   In your response, identify: any reports created as part of the investigation; any measurements, maps, photos, or other materials taken or prepared as part of the investigation; and

the results of any such investigation (criminal charges, preventability determinations, discipline administered, etc.).

13.

Do you have any statements - written or recorded - concerning any aspect of the wreck?  If yes, identify: the individuals who gave the statements; the individuals who took the statements; the date the statements were made; the individual(s) with custody of the statements; and all person(s) present when the statements were taken, provided, or created.

14.

Please state whether or not you have ever been involved in another motor vehicle collision/incident wherein you were the driver of a vehicle involved.  If so, please state the date or approximate date of such collision/incident and whether or not you were on personal business or in the course of your employ at the time of said collision/incident.

15.

Have you ever been suspended, disqualified, or precluded from driving a motor vehicle? If yes, identify: the reason or basis for the suspension, disqualification, or preclusion.

16.

Did you consume any medication, drug, or alcohol beverages of any kind during the 48 hours immediately preceding the incident referred to in the Complaint? If so, please state the name and nature of each substance consumed, the amount consumed, and when it was consumed.

17.

Please list all items located inside your vehicle at the time of the collision. This request is calculated to lead to evidence about what was going on inside the vehicle at the time of the collision, so please list everything. For example, the potential list could include one empty water bottle, two iPhones, one Dell laptop computer, one half-full pack of cigarettes, one edition of

Motor Trend magazine, one half-eaten hamburger, one logbook, one Garmin GPS unit, etc.

18.

Please state the name, address, and telephone number of any and all mechanics, appraisers or other experts/specialists who have been employed to investigate this incident or examine the vehicles involved in this incident (including for a property damage claim) on your behalf or on behalf of anyone/anything representing your interests.

19.

Please state the purpose of the trip you were making at the time of the incident that is the subject of the underlying lawsuit, including in your response, the location departed from, the destination to which you were traveling, and whether you were performing a mission, errand, or duty of your employment for any person or business entity, stating the nature of such mission, errand, or duty.

20.

Please state who owned the vehicle you were driving on the day of the subject collision, how you came to possess the vehicle.

21.

Identify your employment status, including who you work for, your position and a synopsis of your job responsibility, at the time of the wreck and at present.

22.

Was the vehicle you were driving equipped with any electronic control module, event data recorder, airbag control monitor, brake control module, on-board recorder, VORAD, GPS, Qualcomm, or other similar tracking or communication device at the time of the wreck?  If yes, identify: each such device by name and manufacturer; the owner of each such device; the installer

of each such device; and the person(s) or entities responsible for monitoring and maintaining the records created through use of each such device.

23.

Please state in detail the factual basis for each affirmative defense you have raised in your answer to the Complaint.

24.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document; and

(d) A description of each document.

## B.  REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any statement or report in connection with this action.

2.

Any videotapes, photographs, plats or drawings of the scene of the subject incident, the vehicles or the Plaintiffs.

3.

Any policy of insurance identified in any interrogatory response.

4.

Any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in any interrogatory response.

5.

Any documents obtained through a request for production of documents or subpoena by you or anyone on your behalf.

6.

Any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting Plaintiffs.

7.

Copies of cellphone records showing any of your incoming and outgoing calls, texts and messages for the date of the incident.

8.

Any citations (and respective dispositions) of charges identified in any interrogatory response.

9.

Copies of any estimates, work orders, or repairs for property damage sustained by any vehicles involved in the subject incident as identified in the attached Complaint.

10.

Any photos, videos, diagrams or other evidence depicting the property damage done to any vehicles involved in the subject incident.

11.

Copies of any documents you contend support any of the affirmative defenses alleged in your Answer to Plaintiff's Complaint..

12.

The complete file maintained by any expert you expect to testify at trial.  This includes, but is not limited to: the expert's CV; billing invoices or records; time sheets; materials provided

by you (or any representative of yours) to the expert; the expert's requests for any documents or materials; photographs; videos; simulations; reconstructions; measurements; mapping; e-mails; letters; phone logs; notes from meetings or conversations. **Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request**. If any documents are withheld in response to this request, please state what is being withheld and include it in your privilege log.

13.

All documents received from or created by any experts who have investigated any issue relevant to the subject incident.

14.

All materials relied upon by any expert in formulating his or her opinions and conclusions.

15.

All documents received from or created by any experts who have investigated any issue relevant to the subject incident.

16.

A list of cases in which any expert identified by you has been retained by you, the law firm representing you, or your insurer at any time

17.

Copies of all laws, regulations, ordinances, or other standards used or relied upon by any expert in forming his or opinions

18.

Copies of all authorities or sources relied upon by any expert in forming his or her opinions.

19.

A copy of all documents related to any time you have been issued a traffic citation.

20.

A copy of all documents showing how you pled in relation to any traffic citations you have received.

21.

A copy of all documents showing the disposition of any traffic citations you received.

22.

A copy of all documents related to any time you have been arrested for any criminal offense.

23.

A copy of all documents related to each felony of which you have been convicted of or to which you have pled guilty.

24.

A copy of all documents related to each crime of moral turpitude of which you have been convicted or to which you have pled guilty.

25.

A copy of all documents related to each DUI of which you have been convicted or to which you have pled guilty.

26.

A copy of all documents related to any time you have been involved in an automobile accident.

27.

All documents relating to your prior driving record from the State of Georgia and all other states where you have held a driver's license.

28.

If you, your agents, or your attorneys have obtained information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of you, please produce that information.

29.

A copy of your Georgia driver's license and all other states where you have held a driver's license.

30.

Please produce copies of all documents that relate to the trip in which you were engaged at the time of the subject incident, including documents relevant to the trip from the time it originated until the time it was to end. This request includes, but is not limited to, documentation related to the place of origin, destination, or stops along the way (e.g., work orders or receipts), and the general purpose of the trip.

31.

Please produce all documents related to the damage to, or repair of, your vehicle involved in the subject incident. This request encompasses, but is not limited to, photographs, repair estimates, repair bills, and damage appraisals.

32.

Please produce copies of all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, which concerns

your physical or mental condition at or near the time of the subject incident.

33.

Please produce all post-incident alcohol and drug testing results on you.

34.

Please produce all data or information related to an EDR, "blackbox," GPS system, or other trip recording device that was installed in, present on, or made a part of your vehicle that was involved in the subject incident.

35.

All documents that were created during regularly conducted business activity that mention, refer to, or relate to the subject incident.

36.

All correspondence, materials, and other document(s) that evidence, reflect, or relate to any communication between Plaintiff and any defendant in this matter, including but not limited to any communication between Plaintiff and your insurance carrier and any representative thereof. Please note this includes, but is not limited to, the actual tape and transcription of any recorded statement(s). **Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request**. If any documents are withheld in response to this request, please state what is being withheld and include it in your privilege log.

37.

All investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the occurrence which gives rise to Plaintiff's  claims or your contentions in this action or any of the facts or circumstances upon which Plaintiff's  claims or

Defendant's contentions are based. **Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request**. If any documents are withheld in response to this request, please state what is being withheld and include it in your privilege log.

38.

All documents, notes, memoranda, reports, or other writings prepared by you or your agents in connection with any investigation made by you into the subject collision. **Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request**. If any documents are withheld in response to this request, please state what is being withheld and include it in your privilege log.

39.

All written or otherwise recorded statements in connection with the subject matter of this litigation. **Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request**. If any documents are withheld in response to this request, please state what is being withheld and include it in your privilege log.

40.

All documents identified by you in response to Plaintiff's interrogatories to you. **Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request**. If any documents are withheld in response to this

request, please state what is being withheld and include it in your privilege log.

41.

A copy of all letters mailed to third parties (i.e., other than the Plaintiffs, a co-defendant or you) that relate to the subject incident.

42.

A copy of your itemized records for the cell phone or other communications device that you had with you on the date of the subject incident.

43.

All documents that you contend contain support of any defense asserted by you in this lawsuit.

44.

Please produce a copy of all documents relating to Plaintiff that may be relevant to the issue of damages.

45.

Please produce copies of all evidence in your possession to include documents, medical records, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical condition, injuries, or damages.

46.

Identify any statements you know of that were made by Plaintiff concerning the subject incident, Plaintiff's injuries, or this lawsuit in any way.

47.

Please produce copies of all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

48.

Produce all documents and things that are identified by you in your responses to the Interrogatories served upon you in this matter, to the extent that they have not been produced in response to any other request to produce set forth herein.

49.

Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to you with regard to Plaintiff's claims against you. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

50.

All documents that you receive in response to your Requests for Production of Documents to Non-Parties.

51.

Please produce all video recordings, photographs, reports, or other documents related to surveillance or observation of Plaintiff after the Incident.

52.

All documents that you received in response to subpoenas to non-parties.

## C.  REQUEST FOR ADMISSIONS OF FACT

You are hereby put on notice that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff's reasonable expenses

incurred by Plaintiff in making the proof, including reasonable attorney's fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

**Special Instructions to Defendant or Individual Responding on behalf of Defendant**

To avoid any confusion or unnecessary conflict, we would like to address now and up front several frequently made objections to requests for admission that are not valid or appropriate in this case. When responding to the below requests for admission, the following objections and responses are **NOT** valid:

1) **The request seeks or calls for a legal conclusion**. "Requests for admission under O.C.G.A. § 9-11-36(a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 329 (1997). The Georgia Supreme Court stated in its opinions that "even where the answering party lacks information or considers the requested matter to involve a genuine issue of fact, the party must nevertheless answer the request, in a manner consistent with the ways set forth in O.C.G.A. § 9-11-36(b). Id. at 329-30. All the below requests relate to facts at-issue in this case, and it is therefore inappropriate to object based on the fact that any request seeks or calls for a legal conclusion. Any attempt to object due to the request calling for a "purely legal conclusion" *must be accompanied by an explanation as to why the request has no bearing on the facts of this case.*

2) **Defendant does not know or is unaware of certain facts or the meanings of certain legal terms.** A party's answer to a request for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission; and, when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.*" O.C.G.A. § 9-11-36(a)(2) (emphasis added).

When answering the below requests for admission, it shall not be appropriate for Defendant to claim ignorance about relevant facts if those facts can be easily obtained from a reasonable inquiry. Defendant's attorney and insurer are agents of Defendant and, accordingly, assets available to Defendant. See Brumbelow v. Northern Propane Gas Co., 251 Ga. 674 (1983). See also Royalston v. Bank of America, N.A., 290 Ga. App. 556, 560 (2008); Durden v. Hilton Head Bank & Trust Co., 198 Ga. App. 232, 233 (1990); Fowler v. Latham, 201 Ga. 68, 74 (1946); and Southern Development Co. v. Shepco Paving, Inc., 206 Ga. App. 535, 536 (1992). If Defendant's attorney or insurer are in possession of facts or information relevant to a request for admission, Defendant too should be in possession of those same facts and information after conducting a reasonable inquiry. Speaking with one's own lawyer constitutes a "reasonable inquiry."

A party cannot plead ignorance to certain facts or terms to avoid answering a valid discovery request or request for admission. Defendant certainly would object if Plaintiff responded to discovery by claiming Plaintiff couldn't answer because Plaintiff didn't know what terms like "lien," "special damages," "subrogation," or "litigation" meant in the context of the requests. Because Plaintiff's counsel obviously knows the definitions and meanings of such terms, such an objection would be frivolous and unfounded. Similarly, Defendant cannot make objections to the below requests for admission if a reasonable inquiry, which includes speaking with her own counsel, would result in readily obtainable information.

All of the above-referenced objections are inappropriate and in clear violation of Georgia law. For those reasons, we are addressing them at the outset and requesting that you refrain from asserting any frivolous, unfounded objections when responding to Plaintiff's requests for admission.

In the event that you disregard this reasonable request while answering Plaintiff's requests for admission, we will immediately send you follow-up correspondence requesting that you properly amend your responses and withdraw the improper objections within three (3) days. Considering that we are giving you notice and thorough explanation as to the inapplicability of the objections at the outset, three (3) days is more than reasonable time to remedy the errors. The follow-up correspondence will explicitly reference this section as giving you warning of our intent to vigorously contest any frivolous objections and to pursue attorney's fees pursuant to O.C.G.A.

§§ 9-11-36(a)(3) and 9-11-37(c) in the event we are forced to file a motion determining the sufficiency of your responses pursuant to O.C.G.A. § 9-11-36(a)(3).

Please admit the following facts:

1.

That you have been properly served with process in this action.

2.

That you have been properly served with Summons in this action.

3.

That you have been properly served with a Complaint in this action.

4.

That you raise no defense as to sufficiency of service of process in this action.

5.

That you were operating in the course and scope of your employment during the time of the subject collision.

6.

That at the time of the incident you had a cell phone in your vehicle.

7.

That at the time of the incident your cell phone had the capability to access the internet.

8.

That at the time of the incident your cell phone had applications downloaded into it.

9.

That at the time of the incident you were utilizing your cell phone.

10.

That at the time of the incident your car's stereo or radio was playing.

11.

That at the time of the incident, while in your vehicle, you had access to a Global Positioning Satellite ("GPS") Device.

12.

That at the time of the incident you were utilizing your GPS device.

13.

That on the day of the subject incident you discussed the facts of this case with a police officer.

14.

That on the day of the subject incident you were honest while discussing the facts of this case with the investigating police official.

15.

That on 4/19/2019 you were guilty of making an improper lane change.

16.

That on the day of the subject incident your vehicle collided with the Plaintiff's vehicle.

17.

That on the day of the subject incident you were not focused on the roadway and objects ahead of your vehicle immediately before the incident occurred.

18.

That you are subject to the jurisdiction of this Court.

19.

That venue in this Court is proper as to you.

20.

That Plaintiff, as designated in the caption to this lawsuit, is the proper party to bring the instant action.

21.

That you are at fault for the subject collision.

22.

That you accept 100% responsibility for causing the subject collision.

23.

That Plaintiff sustained serious physical injuries as a result of the subject incident.

24.

That you caused the injuries Plaintiff sustained as a result of the subject incident.

25.

That you presently are unaware of any fact(s) supporting or tending to support your claim or contention that Plaintiff contributed to the subject incident.

**(NOTE: The term "presently" shall refer to the exact moment in time in which Defendant is responding to this request)**

26.

That you are presently aware of no witness or witnesses (other than yourself) who can testify that Plaintiff contributed to causing the subject incident.

**(NOTE: The term "presently" shall refer to the exact moment in time in which Defendant is responding to this request)**

27.

That you are presently aware of no witness or witnesses (other than yourself) who can testify that Plaintiff was negligent in connection with the subject incident.

**(NOTE: The term "presently" shall refer to the exact moment in time in which Defendant is responding to this request)**

28.

That the subject incident was not the fault of any person or entity not a party to this lawsuit.

29.

That you are presently aware of no witness or witnesses who can testify that any other person or persons caused the subject incident.

**(NOTE: The term "presently" shall refer to the exact moment in time in which Defendant is responding to this request)**

30.

That you are presently aware of no witness or witnesses (other than yourself) who can testify that any other person or persons contributed to the subject incident.

**(NOTE: The term "presently" shall refer to the exact moment in time in which Defendant is responding to this request)**

31.

That Plaintiff was not negligent in any manner immediately prior to or at the time of the subject incident.

32.

That there were no physical obstructions that barred, obstructed or obscured your view of the vehicle Plaintiff was occupying immediately prior to the occurrence giving rise to the instant

action.

33.

That you have automobile insurance that personally protects you from liability in situations similar to the subject incident.

34.

That you received a citation for the subject incident.

35.

That you paid a fine Court in order to satisfy your citation.

36.

That as a result of paying a fine, the Court entered a plea of "guilty" on your behalf for your citation.

37.

That you attempted to stop your vehicle before it collided with the vehicle occupied by Plaintiffs.

38.

That the medical treatment received by Plaintiff as a result of the subject incident was reasonable.

39.

That the medical expenses incurred by Plaintiff as a result of the subject incident were reasonable.

40.

That Plaintiff will reasonably incur medical expenses in the future as a result of the subject incident.

41.

That Plaintiff has sustained pain and suffering as a result of the subject incident.

42.

That Plaintiff will sustain pain and suffering in the future as a result of the subject incident.

43.

That Plaintiff suffered emotional distress as a result of the subject incident.

This 21st day of January, 2021.

Respectfully submitted,

_/s/ Philip A. Pendergrass, Jr._
PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
Attorney for Plaintiffs

**THE PENDERGRASS LAW FIRM, PC**
45 Technology Parkway S, Suite 230
Peachtree Corners, Georgia 30092
(404) 348-4511

_/s/ Michael M. Day_
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648
Attorney for Plaintiff

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-201**

**JAN 21, 2021 10:25 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MICHAEL DRANE, | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO. _____ |
| TRANSAM TRUCKIN, INC., RLI INSURANCE COMPANY, and RAQUAN PRIVETTE, | |
| Defendants. | |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS TRANSAM TRUCKING, INC. AND RLI INSURANCE COMPANY

COME NOW Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Privette on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Privette from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Privette on the day of the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer (including container or chassis, if applicable) driven by Defendant Privette on the date of the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of any lease, employment contract, or any other

documents regarding the employment status of Defendant Privette.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by Defendant Privette at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, a copy of the bill of lading for any loads carried by Defendant Privette for the eight-day period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by Defendant Privette, identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load; and

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Were the Defendants' tractor and trailer (including any container or chassis if applicable) covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and trailer and give the limits of coverage of each such policy.

3

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, the policy or policies of insurance identified in response to Interrogatory No. 9.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any trip reports or dispatch records in regard to Defendant Privette for the two-week period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, a copy of all driver's logs or time cards for Defendant Privette for the six-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Privette for the six-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Privette on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Privette on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, a copy of Defendant Privette's driver's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his driver's license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents contained in his driver's qualification file.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Privette?  If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Privette.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Privette, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration?  If not, please state the reasons that a post-accident report was not completed.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S,

Suite 230, Peachtree Corners, Georgia 30092, a copy of any post-accident report.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, the accident register for Defendant for the one-year period preceding the subject accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendants or kept by Defendants.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Privette.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of all safety manuals, brochures, handouts,

literature, or other written documents pertaining to safety provided to drivers by Defendants or kept by Defendants.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the Complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Privette.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six month period prior to the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Privette at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any document concerning any violation identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service?  If so, please state for each instance.

(a)     The dates of disqualification; and

(b)      The reason for the disqualification.

36.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Privette on the date of the incident referred to in the complaint for the one-year period preceding the incident and six-month period after the incident.

38.

State the extent of any training provided to Defendant Privette by Defendant Transam or any outside agency since the date of Defendant Privette's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of any documents regarding any training received by Defendant Privette.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any permits or licenses regarding the tractor and trailer driven by Defendant Privette and the load transported by Defendant Privette at the time of the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between Defendant Transam and Defendant Privette (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Privette, please state the driver's mode of compensation.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision for the time period covering the date of the collision.  (Plaintiffs' counsel is not requesting copies of pay checks unless otherwise specified, but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does Defendant Transam, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs or contracts with to perform work?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Privette since the commencement of said driver's employment and/or contractual relationship with Defendants up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to Defendants or their operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Privette prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Privette's date of birth, social security number and driver's license number.

50.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Privette on the date of the incident.

51.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiffs.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any documents obtained through a request for production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

61.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting Plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of The Pendergrass Law Firm, PC 45 Technology Parkway S, Suite 230, Peachtree Corners, Georgia 30092, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This 21st day of January, 2021.

Respectfully submitted,

*/s/ Philip A. Pendergrass, Jr.*
PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
Attorney for Plaintiff

**THE PENDERGRASS LAW FIRM, PC**
45 Technology Pkwy S, Suite 230
Peachtree Corners, Georgia 30092
(404) 348-4511

*/s/ Michael M. Day*
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648
Attorney for Plaintiff

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-201**

**JAN 26, 2021 04:43 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

MICHAEL DRANE,                          *
                                        *
    Plaintiff,                          *          CIVIL ACTION FILE NO.:
                                        *
v.                                      *          21-A-201
                                        *
TRANSAM TRUCKIN, INC., RLI              *
INSURANCE COMPANY, and                  *
RAQUAN PRIVETTE,                        *
                                        *
    Defendants.                         *

---

### ENTRY OF APPEARANCE

---

Clay S. O'Daniel and William S. Weston, of the law firm of O'Daniel McDonald, hereby enter their appearance of record as counsel of RLI Insurance Company, TransAm Trucking, Inc., and Raquan Privette. All pleadings, notices, and other correspondence should be sent to the undersigned at the address listed below.

Respectfully submitted this 26th day of January, 2021.

O'DANIEL McDONALD, LLC

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
William S. Weston
Georgia Bar No. 929666
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com
wweston@odmclaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney does hereby certify that a true and correct copy of ENTRY OF

APPEARANCE was duly served upon Plaintiff by using the Odyssey eFileGA system for service

to Plaintiff's below counsel of record:

Philip A. Pendergrass, Jr.
The Pendergrass Law Firm, PC
45 Technology Parkway S, Suite 230
Peachtree Corners, GA 30092

Michael M. Day
Michael M. Day Law Firm, LLC
1832 Second Avenue, Suite 100
Decatur, GA 30032

This the 26th day of January, 2021.

/s/Clay S. O'Daniel
Clay S. O'Daniel

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-201**

**JAN 26, 2021 04:47 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| MICHAEL DRANE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | 21-A-201 |
| | * | |
| TRANSAM TRUCKIN, INC., RLI | * | |
| INSURANCE COMPANY, and | * | |
| RAQUAN PRIVETTE, | * | |
| | * | |
| Defendants. | * | |

_____

### CONSENT MOTION TO DISMISS DEFENDANT
### RLI INSURANCE COMPANY WITHOUT PREJUDICE

_____

Plaintiff in the above-captioned matter, by and through counsel and with the consent of

Defendants TransAm Trucking, Inc. Raquan Privette, and RLI Insurance Company, move pursuant

to O.C.G.A. § 9-11-21 for an Order dropping and dismissing without prejudice Defendant RLI

Insurance Company as a party to this action.

WHEREFORE, Plaintiff prays that this Motion be granted and that Defendant RLI

Insurance Co. be dropped and dismissed without prejudice as a Defendant to this action.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted, this 26th day of January, 2021.


THE PENDERGRASS LAW FIRM, P.C.                    O'DANIEL McDONALD, LLC


/s/Philip A. Pendergrass, Jr. (*signed w/express*                    /s/Clay S. O'Daniel
*permission by CSO*)
Philip A. Pendergrass, Jr.                                           Clay S. O'Daniel
Georgia Bar No. 529699                                               Georgia Bar No. 843070
45 Technology Parkway S, Suite 230                                   William S. Weston
Peachtree Corners, GA 30092                                          Georgia Bar No. 929666
(404) 348-4511                                                       9040 Roswell Road, Suite 500
philip@georgiatrialfirm.com                                          Atlanta, GA 30350-3939
                                                                     (404) 419-6300
                                                                     (404) 419-6301 (fax)
                                                                     codaniel@odmclaw.com
                                                                     wweston@odmclaw.com


Attorney for Plaintiff                                               Attorneys for Defendants




MICHAEL M. DAY LAW FIRM, LLC


/s/Michael M. Day (*signed w/express permission*
*by CSO*)
Michael M. Day
Georgia Bar No. 952648
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393
mday@mmdattorney.com



Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney does hereby certify that a true and correct copy of CONSENT MOTION TO DISMISS DEFENDANT RLI INSURANCE COMPANY WITHOUT PREJUDICE was duly served upon Plaintiff by using the PeachCourt efiling system for service to the below counsel of record:

Clay S. O'Daniel
Will S. Weston
O'Daniel McDonald, LLC
9040 Roswell Road
Suite 500
Atlanta, GA 30350

Michael M. Day
Michael M. Day Law Firm, LLC
1832 Second Avenue, Suite 100
Decatur, GA 30032

This the 26th day of January, 2021.

/s/Philip A. Pendergrass, Jr. (*signed w/express permission by CSO*)
Philip A. Pendergrass, Jr.

# IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

MICHAEL DRANE,                           *
                                         *
        Plaintiff,                       *        CIVIL ACTION FILE NO.:
                                         *
v.                                       *        21-A-201
                                         *
TRANSAM TRUCKIN, INC., and               *
RAQUAN PRIVETTE,                         *
                                         *
        Defendants.                      *

---

### PROPOSED ORDER GRANTING CONSENT MOTION TO DISMISS DEFENDANT RLI INSURANCE COMPANY WITHOUT PREJUDICE

---

The Plaintiff's Consent Motion to Dismiss Defendant RLI Insurance Company Without Prejudice having been read and considered, IT IS HEREBY ORDERED that the Plaintiff's Consent Motion is GRANTED and RLI Insurance Company is dismissed from this action without prejudice pursuant to O.C.G.A. § 9-11-21.

The caption shall be amended accordingly as shown above.

SO ORDERED this _____ day of _____, 2021.


_____
JUDGE JOHN S. MORGAN
COBB COUNTY STATE COURT

Prepared By:

/s/Clay S. O'Daniel_
Clay S. O'Daniel
Georgia Bar No. 843070
O'Daniel McDonald, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350
404-419-6300
codaniel@odmclaw.com

📄 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-201**

**JAN 28, 2021 01:42 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| MICHAEL DRANE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | 21-A-201 |
| | * | |
| TRANSAM TRUCKIN, INC., and | * | |
| RAQUAN PRIVETTE, | * | |
| | * | |
| Defendants. | * | |

---

### ~~PROPOSED~~ ORDER GRANTING CONSENT MOTION TO DISMISS DEFENDANT RLI INSURANCE COMPANY WITHOUT PREJUDICE

---

The Plaintiff's Consent Motion to Dismiss Defendant RLI Insurance Company Without Prejudice having been read and considered, IT IS HEREBY ORDERED that the Plaintiff's Consent Motion is GRANTED and RLI Insurance Company is dismissed from this action without prejudice pursuant to O.C.G.A. § 9-11-21.

The caption shall be amended accordingly as shown above.

SO ORDERED this **28th** day of _____January_____, 2021.

_____
JUDGE JOHN S. MORGAN
COBB COUNTY STATE COURT

Prepared By:

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
O'Daniel McDonald, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350
404-419-6300
codaniel@odmclaw.com

Certificate of Service

I certify that I have on this date served a true and correct copy of the foregoing Order to all parties and/or their attorney of record by electronically filling the foregoing document using the Cobb County PeachCourt system.  I further certify that the foregoing document was served upon the following person(s) via the Cobb County PeachCourt system:

Clay O'Daniel, Esq. – codaniel@odmclaw.com
William S. Weston, Esq. – wweston@odmclaw.com
Philip A. Pendergrass, Jr., Esq. – philip@georgiatrialfirm.com
Michael M. Day, Esq. – mday@mmdattorney.com

This, the 28th day of January, 2021.

Allison Schnatmeier, Judicial Administrative Specialist
to Judge John S. Morgan, State Court of Cobb County

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

MICHAEL DRANE,                          *
                                        *
      Plaintiff,                  *          CIVIL ACTION FILE NO.:
                                        *
v.                                      *          21-A-201
                                        *
TRANSAM TRUCKIN, INC., and              *
RAQUAN PRIVETTE,                        *
                                        *
      Defendants.                 *

---

**ACKNOWLEDGMENT OF SERVICE**
---

COMES NOW, Clay S. O'Daniel of O'Daniel McDonald, LLC, on behalf of DEFENDANTS TRANSAM TRUCKING, INC. (improperly identified as TransAm Truckin, Inc.), AND RAQUAN PRIVETTE, and hereby acknowledges due, proper, and sufficient service of *Plaintiff's Complaint for Damages, Plaintiff's First Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Privette, and Plaintiff's First Interrogatories and Request for Production of Documents to Defendant TransAm Trucking, Inc.* Other and further service is waived.

[SIGNATURE CONTAINED ON FOLLOWING PAGE]

Respectfully submitted this 25th day of February, 2021.

O'DANIEL McDONALD, LLC

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
William S. Weston
Georgia Bar No. 929666
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
codaniel@odmclaw.com
wweston@odmclaw.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney does hereby certify that a true and correct copy of ACKNOWLEDGMENT OF SERVICE was duly served upon Plaintiff by using the Odyssey eFileGA system for service to Plaintiff's below counsel of record:

Philip A. Pendergrass, Jr.
The Pendergrass Law Firm, PC
45 Technology Parkway S, Suite 230
Peachtree Corners, GA 30092

Michael M. Day
Michael M. Day Law Firm, LLC
1832 Second Avenue, Suite 100
Decatur, GA 30032

This the 25th day of February, 2021.

/s/Clay S. O'Daniel
Clay S. O'Daniel